**In the Matter of the Alleged Mental Illness of Robert D. STEWART.**

**No. CO–84–735.**

Court of Appeals of Minnesota.

Aug. 7, 1984.

John Myron Lund, Minneapolis, for appellant.

Thomas Johnson, Hennepin County Atty., John R. Owen, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge

Stewart appeals the order of the trial court continuing his commitment to Anoka State Hospital. We remand.

## FACTS

On November 10, 1983, appellant was charged with the second-degree assault of Jeanette Rossow. The district court referred the matter to the Mental Health Division. On December 15, 1983, Stewart was found mentally ill and committed to St. Peter State Hospital for treatment and for evaluation of whether he was mentally ill and dangerous. On March 29, 1984 the matters of continued commitment and the allegation of dangerousness were reviewed by the trial court. The court struck the allegation of dangerousness and ordered continued commitment at Anoka State Hospital.

The trial court found Stewart continued to be schizophrenic, but the disease was in remission due to medication and hospitalization.

## ISSUE

Did the trial court properly continue Stewart's commitment to Anoka State Hospital?

## ANALYSIS

Minn. Stat. § 253B.12, subd. 4 (Supp. 1983) provides that commitment may be continued if, after a hearing,

the court finds by clear and convincing evidence that (1) the person continues to be mentally ill * * * (2) involuntary commitment is necessary for the protection of the patient or others; and (3) there is no alternative to involuntary commitment.

In determining whether a person continues to be mentally ill, the court need not find that there has been a recent attempt or threat to physically harm himself or others, or a recent failure to provide necessary food, clothing, shelter, or medical care for himself. Instead, the court must find that the patient is likely to attempt to physically harm himself or others, or to fail to provide necessary food, clothing, shelter, or medical care for himself unless involuntary commitment is continued.

Appellant argues that Stewart was not shown to pose a danger to himself or others and was, therefore, not shown to be mentally ill. The evidence, however, supports the trial court's conclusion that Stewart continues to be mentally ill. Doctor Robert Jeub, testifying on behalf of appellant, expressed concern that Stewart would not take his medication if released from Anoka State Hospital and recommended continued commitment. Steven Doheny, a physician at St. Peter State Hospital, testified that the probability of violent behavior by Stewart would decrease substantially if

he remained on medication. Both doctors noted that Stewart had previously failed to take prescribed medication when not hospitalized and that he had unsuccessfully participated in a day treatment program.

While evidence supports the trial court's decision, Minn. Stat. § 253B.12, subd. 7 (1982) requires that:

Where continued commitment is ordered, the findings of fact and conclusions of law shall specifically state the conduct of the proposed patient which is the basis for the final determination, that the statutory criteria for commitment continue to be met, and that less restrictive alternatives have been considered and rejected by the court. Reasons for rejecting each alternative shall be stated.

The order continuing commitment does not specify any conduct supporting the determination, or state that the statutory criteria of commitment have been met, or discuss less restrictive alternatives. This Court will not disregard the legislative mandate that specific findings be made.

### DECISION

The trial court's order for continued commitment lacks findings required by Minn. Stat. § 253B.12, subd. 7. The matter is remanded for further findings.

Remanded for findings.